MAX FEINGOLD, PLAINTIFF-RESPONDENT, v. NORWICH UNION INDEMNITY COMPANY, A CORPORATION, DE-FENDANT-APPELLANT.

Submitted October 6, 1936—Decided February 26, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *John F. Leonard,* of counsel).

For the plaintiff-respondent, *Harry Cooper* (*Joseph M. Schoenberg,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This appeal brings up for review a judgment entered upon a verdict of a jury directed by the trial judge in favor of the plaintiff-respondent (hereinafter called the plaintiff) and against the defendant-appellant (hereinafter called the defendant).

The plaintiff alleged that he held a contract of insurance wherein the defendant company agreed to indemnify the plaintiff for a stated period against loss and expenses resulting from claims against the plaintiff for damages on account of accidental injury within certain premises owned by the plaintiff; that within the period covered by the policy such an accident occurred on such premises resulting in a suit against the plaintiff (which the defendant refused to defend) and a judgment which the plaintiff was obliged to pay.

In such posture of affairs the plaintiff brought the present suit to recover such loss and expenses and the defendant answered, among other things, that the policy was canceled prior to the accident. At the trial the judge directed a verdict for the plaintiff on the theory that there was no evidence justifying the submission of the question of cancellation to the jury.

Now the policy contained (among others) this provision: "This policy may be canceled at any time by either of the parties upon written notice to the other party stating when thereafter cancellation shall be effective and the date of cancellation shall then be the end of the policy term. * * * If canceled by the company * * * written notice of the cancellation mailed to or otherwise delivered at the address of the assured as given herein shall be a sufficient notice * * *."

The address of the assured as given in the policy was 450 Grand street, Jersey City, New Jersey.

The policy was for a term beginning May 2d, 1931, and ending May 2d, 1932. The accident resulting in the loss claimed occurred January 31st, 1932. The defendant contended that it canceled the policy on July 22d, 1931. The plaintiff notified the defendant in June, 1933, that he had never received any notice of cancellation, and in effect denied its existence, and so testified at the present trial in 1936.

These facts have an important bearing upon the question as to the competency and effect of the secondary evidence as to notice of cancellation hereinafter to be considered.

After the plaintiff at the trial had denied the receipt of the cancellation notice, the defendant produced the following evidence:

Richard Johnson testified that he is employed by the defendant and has been for the past ten years; in July, 1931, he was superintendent of the defendant's mailing department and still is; he had charge of sending out the notices of cancellation of policies; on July 16th, 1931, he forwarded by mail the original cancellation notice to the plaintiff at his address in the policy. He identified *Exhibit D-1* marked for

identification as a copy of the original cancellation notice that was sent by mail to the plaintiff. He testified that he personally deposited the original notice of cancellation of the policy in the regular and ordinary mail on July 16th, 1931, and the same was in a stamped envelope addressed to the plaintiff at the address stated in the policy, advising the plaintiff that the policy would be canceled July 22d, 1931. He further testified that before mailing out the original notice of cancellation he compared the address with the copy, *Exhibit D-1* for identification, and mailed the original himself, personally, by depositing it in the mail box on July 16th, 1931. After mailing the original notice of cancellation he returned to the office and signed his name to the copy (*Exhibit D-1* for identification) in the presence of J. D. Holst. The latter testified he is employed by the defendant and was employed by it in July, 1931. He identified his signature on *D-1* for identification and testified that Mr. Johnson signed the same in his presence and then he signed it.

It was after such evidence had been received, that the trial judge excluded from evidence the proved copy of the original notice of cancellation and directed a verdict for the plaintiff.

We conclude, in view of the undisputed evidence that the plaintiff long before and at the trial denied receiving the notice of cancellation and denied its existence, that the secondary evidence as to cancellation, including the proved copy thereof (*D-1* for identification) which the judge excluded, should have been submitted to the jury under proper instructions.

The trial judge erroneously took the position that notice to produce should have been served upon the plaintiff, and since that was not done, excluded the proved copy and directed a verdict for the plaintiff.

Now the rule of evidence that requires timely demand for the production of a written notice claimed to have been executed and forwarded to the other party before secondary evidence of the contents of the notice may be given, does not apply where the party to whom it was forwarded, both long before and at the trial denied that he had received the paper,

and in effect denied its existence. *Cicone* v. *Colonial Life Insurance Co.,* 110 *N. J. L.* 276.; *Prell* v. *Slaff,* 12 *N. J. Mis. R.* 504.

That is the rule recognized by our cases. In the last mentioned case approval is given to the rule stated in *Wigmore on Evidence,* § 1203, as follows: "Where by the proponent's evidence the document is traced to the opponent's hands—as by the presumption of mailing—and the opponent denies the receipt of it, then, even taking the opponent's testimony at its highest value, the whereabouts of the document becomes an unexplainable mystery, and the case is virtually one of loss; so that the proponent should be allowed to prove the contents without having given notice; while, if we take the opponent's testimony as false and assume that he has in truth received the document, his denial is equivalent to an express refusal to produce, which equally puts the plaintiff in the position of being unable to obtain the document, so that notice is unnecessary."

The case of *Durbrow* v. *Hackensack Meadows Co.,* 77 *N. J. L.* 89, is not to the contrary. There it was held necessary, where only one of the two defendants had denied having the contract, to notify the other to produce it. The case of *Klein* v. *Handler,* 5 *N. J. Mis. R.* 662, likewise seems not to the contrary. That case seemed to turn upon the finding that "the mere fact that the defendant produced a copy of a notice which he said he had served on the plaintiff did not thereby make such copy evidential of the *fact of service of such notice* on the plaintiff."

The judgment will be reversed, and a new trial awarded. Costs to abide the event.